IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BURT EUDEL RICHARDS,<br><br>    **Plaintiff,**<br><br>v.<br><br>GOODFELLAS RESTAURANT<br>and ATLANTA POLICE,<br><br>    **Defendants.** | 1:15-cv-1719-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [9] ("R&R"), recommending that this action be dismissed without prejudice.

On May 5, 2015, Plaintiff Burt Eudel Richards ("Plaintiff"), a prisoner, proceeding *pro se*, filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), alleging false imprisonment, slander, defamation, and "false accusation."  ([1] at 3).  Plaintiff seeks "restitution."  ([1] at 3).  Plaintiff does not allege any facts supporting his claims.  On June 27, 2015, Plaintiff filed his Affidavit and Authorization for Withdrawal from Inmate Account [6], which the Magistrate Judge construed as his motion to proceed *in forma pauperis* ("IFP Application").  On July 23, 2015, the Magistrate Judge granted Plaintiff's

IFP Application, ordered Plaintiff to keep the Clerk advised of his address "at all times" during the pendency of this action, warned Plaintiff that his failure to do so would result in dismissal of his Complaint, and noted that service of process would not issue until Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A. ([7] at 2).[1]  A copy of the Magistrate Judge's July 23, 2015, Order was mailed to Plaintiff's address of record but, on August 3, 2015, was returned as undeliverable. ([8]).

On August 12, 2015, the Magistrate Judge issued her R&R, recommending that this action be dismissed without prejudice because Plaintiff failed to keep the Court apprised of his address. Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). A copy of the R&R was mailed to Plaintiff's address of record and, on August 24, 2015, was returned as undeliverable. On September 14, 2015, Plaintiff filed his Notice of Change of

---

[1] "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Address [12].

The Local Rules provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice." LR 41.2(B), NDGa. The Magistrate Judge ordered Plaintiff to keep the Court advised of his current address "at all times" during the pendency of this suit. ([7] at 2). Plaintiff did not do so, in violation of both the Magistrate Judge's Order and the Local Rules. This prevented Plaintiff from receiving mailed copies of the Magistrate Judge's R&R and July 23, 2016, Order. Plaintiff Complaint also fails to assert any facts in support of his claims, and thus "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because Plaintiff's Complaint fails to state a claim, and Plaintiff failed to keep the Court advised of his address, in violation of the Local Rules and the Magistrate Judge's Order, the Court finds that Plaintiff's Complaint should be dismissed without prejudice. See Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice.* The district court dismissed Quinlan's [*pro se*]

complaint without prejudice and, thus, was not required to give Quinlan an opportunity to amend." (citations omitted)); Lankster v. AT & T, No. 13-cv-45, 2013 WL 1389982, at *4 (S.D. Ala. Apr. 4, 2013) ("[D]ismissal of Lankster's Complaint would be *without* prejudice, not *with* prejudice, thereby removing this case from" the requirement that courts permit *pro se* plaintiffs to file an amended complaint before dismissal with prejudice).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 27th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE